## CZUBA v BODLOVICH

Ohio Appeals, 9th Dist., Lorain Co.

No. 955. Decided March 13, 1940.

# 498

Levin & Levin, Lorain, for appellant.
G. A. Resek, Lorain, and Dan E. Cook, Lorain, for appellee.

## OPINION

By WASHBURN, PJ.

This is an appeal on questions of law from the judgment of the Common Pleas Court, which reversed in part and affirmed in part a judgment of the Municipal Court of Lorain.

Many interesting propositions of law have been set forth and argued in the briefs and in oral argument to the court, but we find it unnecessary to refer to many of them in disposing of the case.

In the three courts the parties have remained the same and they will be herein referred to as plaintiff and defendant as they were in the Municipal Court.

Plaintiff brought suit against the defendant to recover upon an account, the petition being in the short form. Within four days after the summons was served, the defendant without in any way questioning the sufficiency of the petition, filed an answer joining issue with the plaintiff. Later, the Municipal Court entered upon its docket a "finding upon pleadings and evidence in favor of plaintiff", noting that the defendant was in default for appearance.

Then, after the lapse of more than three days, and there having been no motion for a new trial filed, the court entered up judgment in favor of plaintiff and against defendant. That judgment was rendered and entered on June 28, 1938, which was near the end of that term of the Municipal Court. Thereafter, and more than three days after the beginning of the new term, the defendant filed, in the Municipal Court, a petition to vacate said judgment. In due time an answer to the petition to vacate was filed by the plaintiff.

The cause came on to be tried in the Municipal Court upon the petition to vacate and the answer thereto, and said court entered a judgment setting aside its holding for the plaintiff and vacating its judgment entered thereon, and then found that plaintiff's petition did not state a cause of action and entered judgment dismissing the petition of plaintiff.

Plaintiff appealed that judgment to the Court of Common Pleas on questions of law, and the Common Pleas Court affirmed the action of the Municipal Court in setting aside its judgment, but reversed the Municipal Court, for rendering final judgment against the plaintiff, and remanded the cause to the Municipal Court for trial on the original petition and answer thereto. That judgment of the Common Pleas Court is before this court on appeal on questions of law.

From a bill of exceptions which was perfected upon the trial to vacate the original judgment, it is disclosed that the attorney then representing the defendant, who was seeking to have the judgment vacated, made a statement to the court of what he expected to prove at the hearing, and that the court asked the attorneys for the plaintiff whether a record was made of the proceedings at the time the original judgment was entered, and was told that none had been made; and thereupon,

without permitting the attorneys for the plaintiff to make a statement to the court of what they expected to prove at the hearing then begun, the court referred to the original petition filed by plaintiff for a judgment on an account, and, over the objection and exception of counsel for plaintiff, dictated into the record the entire petition and the account attached thereto, and determined that the petition, which had not theretofore been in any manner questioned, did not state a cause of action, and, during the colloquy between counsel for plaintiff and the court, the court stated that it was evident that said petition was not submitted to the court at the time judgment was entered, and that he would never have entered up the judgment if he had known that the petition was defective.

Counsel for the plaintiff excepted to everything done by the Municipal Judge, and requested that they be given an opportunity to state the plaintiff's side of the case and prove the same by competent evidence. Such request was denied them, the judge remarking that the day was warm and that he was "deciding this case now with more consideration that he did" when he entered up the original judgment.

We are of the opinion that it was the duty of the Municipal Court to try the issues joined upon the petition to vacate the judgment and permit the attorneys to make their statements and to receive evidence relating to the issues. and then to decide the question of vacation upon the issues made by the pleadings, and that the court was in error in looking to the original petition and speculating or deciding whether or not it stated facts sufficient to constitute a cause of action.

The record discloses that in rendering a judgment upon the original petition the cause came on to be heard upon the pleadings and the evidence, and that the defect now claimed to exist in the petition was an imperfect statement of facts rather than a want of facts necessary to constitute a cause of action. Such a defect may have been cured by the evidence that was before the court, and in any event the sufficiency of the petition was not before the Municipal Court, and likewise was not before the Court of Common Pleas in its review of the proceedings of the Municipal Court.

We are of the opinion that the Court of Common Pleas erred in not reversing the judgment of the Municipal Court vacating its original judgment, under the circumstances disclosed by this record, in addition to reversing the judgment of the Municipal Court dismissing the plaintiff's petition, and for such error the judgment of the Common Pleas Court will be reversed; and the cause is remanded to that court, with instructions to reverse in its entirety the judgment of the Municipal Court on the petition to vacate, and remand the cause to the Municipal Court with instructions to afford the parties an orderly trial and to dispose of the issues made upon the petition to vacate.

There is one other phase of the case which should be noticed. Counsel for plaintiff insist that the Municipal Court should have granted their motion for judgment in plaintiff's favor on the petition to vacate because the petition to vacate, being filed later than the first three days of the succeeding term of court and claiming a right to an order of vacation solely because of a mere irregularity, did not state facts sufficient to constitute a cause of action for vacation of judgment, and that we should render such a judgment in favor of the plaintiff instead of remanding the cause for trial on the petition to vacate.

In answer to said claim, we are of the opinion that the petition to vacate the judgment does not seek relief upon a mere irregularity, but when all of the allegations of the petition are taken into consideration they in effect charge that one of the attorneys for plaintiff in his dealings with the attorney then representing the defendant was guilty of practicing a fraud upon the defendant and his counsel and the court, and that therefore the petition states

500

a cause of action for the vacation of the judgment.

In this connection, it should be stated that, in the answer of plaintiff to said petition to vacate, the challenge as to the conduct of said attorney for plaintiff in taking the original judgment is fully met by allegations which, if proved, disproved the allegations of the petition to vacate, and that is the matter that the Municipal Court should have tried, and which is now remanded to that court for trial.

Judgment of Common Pleas Court reversed, and cause remanded to that court, with instructions as hereinbefore indicated.

DOYLE, J. and STEVENS, J., concur.